18-959-cv
*Miller v. Mercuria Energy Trading, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the fourteenth day of August, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          PETER W. HALL,
                    *Circuit Judges.*

---

JEFFREY W. MILLER,

        *Plaintiff-Appellant*,                         18-959-cv

        v.

MERCURIA ENERGY TRADING, INC., MERCURIA ENERGY ASSET MANAGEMENT, BV, MERCURIA CAPITAL PARTNERS LTD., MERCURIA US ASSET HOLDINGS, LLC, UPSTREAM LATINOAMÉRICA, S.L., PHOENIX GLOBAL RESOURCESPLC F/K/A ANDES ENERGIA PLC,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**            NICOLE GUERON (Isaac B. Zaur, *on the brief*), Clarick Gueron Reisbaum LLP, New York, NY; Brant C. Martin and David J. Drez, III, Wick Phillips Gould & Martin LLP, Fort Worth, TX.

1

FOR DEFENDANTS-APPELLEES
MERCURIA ENERGY TRADING, INC.,
MERCURIA ENERGY ASSET
MANAGEMENT, BV, MERCURIA CAPITAL
PARTNERS LTD., AND MERCURIA US
ASSET HOLDINGS, LLC:

MAAREN A. SHAH (Michael B. Carlinsky, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.


FOR DEFENDANTS-APPELLEES
PHOENIX GLOBAL RESOURCES PLC
AND UPSTREAM LATINOAMÉRICA, S.L.:

RANDALL R. RAINER (William A. Maher, *on the brief*), Wollmuth Maher & Deutsch LLP, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 6, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Jeffrey W. Miller ("Miller") appeals from a judgment of the District Court dismissing his breach of contract claims. The District Court concluded that Miller had failed to state a claim against Defendants-Appellees Mercuria Energy Trading, Inc., Mercuria Energy Asset Management, BV, Mercuria Capital Partners Ltd., and Mercuria US Asset Holdings, LLC (jointly, the "Mercuria Parties"), and that it lacked personal jurisdiction over Defendants-Appellees Upstream Latinoamérica, S.L. ("ULA") and Phoenix Global Resources plc ("Phoenix Global"). *See Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509 (S.D.N.Y. 2018). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to dismiss claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018).

On review, we conclude that the District Court properly dismissed Miller's claims against the Mercuria Parties. We agree with the District Court that the terms of Miller's agreement with the Mercuria Parties unambiguously preclude recovery in the circumstances presented, and that Miller therefore has failed to state a breach-of-contract claim. *See Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) ("[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms."). And we conclude that the District Court correctly dismissed Miller's good-faith-and-fair-dealing claim as duplicative of his contract claim

because both claims "arise from the same facts and seek the identical damages." *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015) (internal quotation marks omitted) (affirming decision to dismiss good-faith-and-fair-dealing-claim as duplicative of breach-of-contract claim).

We also see no error in the District Court's decision to dismiss Miller's claims against ULA and Phoenix Global for lack of personal jurisdiction. Miller argues that both entities are subject to the District Court's personal jurisdiction by operation of the forum selection clause in his agreement with the Mercuria Parties—an agreement neither ULA nor Phoenix Global signed. The District Court rejected this argument, and Miller has given us no reason to doubt its conclusion. *First*, even if ULA is bound by the forum selection, the clause does not encompass Miller's *particular claim* against ULA, which is based on the alleged breach of a different contract. *See Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 89 (2d Cir. 2009) (requiring, among other things, a showing that "the claims and parties involved in the suit are subject to the forum selection clause"). *Second*, neither of the two theories that Miller contends can support the exercise of personal jurisdiction over Phoenix Global—the so-called "closely related" doctrine and successor liability— pass muster. Assuming for the sake of argument only that both theories can apply in this context as a general matter, the District Court did not err in concluding that Miller has failed plausibly to allege facts supporting their application in the circumstances presented.[1]

Finally, Miller challenges the District Court's decision to dismiss his complaint with prejudice and asks that we remand with instructions to allow him to amend. We decline Miller's request. Miller effectively failed to seek this relief from the District Court, and "no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (denying similarly belated request for leave to amend). More critically, Miller's briefing makes clear that he seeks to amend principally to bolster his claims against the Mercuria Parties. Because we agree with the District Court that the terms of Miller's agreement with the Mercuria Parties unambiguously preclude recovery in the circumstances, any amendment with respect to these claims would be futile. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile.").

---

[1] Because Miller failed to make out a *prima facie* case of personal jurisdiction over either ULA or Phoenix Global, the District Court did not abuse its discretion by denying Miller's request for jurisdictional discovery. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) ("We conclude that the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction.").

## CONCLUSION

We have reviewed all of the arguments raised by Miller on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 6, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court